UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 11 CR 784 – 3 |
| | ) Judge John W. Darrah |
| EDUARDO TREVINO, et. al. | ) |

ORDER TO PRESERVE CERTAIN
PROPERTY SUBJECT TO FORFEITURE

The United States of America, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of a protective order preserving certain property subject to forfeiture, pursuant to the provisions of Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1), and in support thereof submits the following:

(a) On November 2, 2011, a multi-count indictment was returned charging defendants Eduardo Trevino, Miguel Arredondo and others with a money laundering violation pursuant to the provisions of 18 U.S.C. § 1956(h), among other violations;

(b) Pursuant to the provisions of 18 U.S.C. § 982, the indictment sought forfeiture of certain property involved in the money laundering offense charged in Count Two of the indictment (Forfeiture Allegation II), including, but not limited to, funds in the amount of $13,000,000;

(c) On November 15, 2011, DEA agents executed the arrest warrant against Miguel Arredondo in Laredo, Texas and seized the 1999 Kenworth 900 Tractor, VIN: 1XKWDR9X9XJ798476 that he was driving. DEA subsequently initiated administrative forfeiture proceedings against the property. On January 9, 2012, Arredondo filed a claim to contest the administrative forfeiture proceedings. On January 17, 2012, DEA referred the case to the United

States Attorney's Office to commence a civil forfeiture action pursuant to the provisions of 18 U.S.C. § 981(a)(1)(A). However, the United States intends to proceed against the foregoing property pursuant to the provisions of 18 U.S.C. § 982(a)(1) as evidenced by the fact that the property claimed has been identified as property subject to forfeiture in a bill of particulars;

(d) Since the property is alleged to be subject to forfeiture upon the conviction of the defendant, the government requests entry of this order to preserve and protect the property so that it is ultimately available to satisfy any forfeiture judgment entered by the Court at the time of sentencing. Specifically, 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government chooses to forfeit property that has been seized for civil forfeiture proceedings, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute if a claim has been filed."

(e) In the event that defendant Miguel Arredondo is found guilty of the money laundering offense charged in the indictment, which is likely to result in the entry of a forfeiture judgment, the statute provides that any property involved in the offense shall be subject to forfeiture. Accordingly, the United States seeks this protective order to preserve the status quo and to secure itself so that, upon the entry of a forfeiture judgment, the United States will be able to satisfy the judgment;

(f) Because the property is in the custody of the United States, and there is probable cause to believe that the property is subject to forfeiture, the government requests that an order be entered allowing it to maintain custody of the seized asset pursuant to 21 U.S.C. § 853(e)(1), as incorporated by 18 U.S.C. § 982(b)(1), to preserve the availability of the property for forfeiture. Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases similar to this case, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. *See In Re:*

*2000 White Mercedes* ML320, 220 F.Supp. 1322 (M.D. Fla. Sept. 25, 2001) (if property is already in Government custody, no § 853(f) seizure warrant can be issued, as an order would be sufficient to preserve the property);

(g) In order to ensure that the property is available for forfeiture proceedings, the United States shall maintain custody of this property. If these seized property is transferred or concealed, it will be difficult, if not impossible, to trace the item involved in the charged illegal activity. Further, upon entry of a forfeiture judgment, considering the character of this property, it will not be available to satisfy any forfeiture judgment entered at the time of sentencing.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to 21 U.S.C. § 853(e)(1), as incorporated by 18 U.S.C. § 982(b)(1), one 1999 Kenworth 900 Tractor, VIN: 1XKWDR9X9XJ798476 shall be maintained by the United States through the conclusion of the pending criminal case to preserve the property so that it is available to satisfy the forfeiture liability of the defendant.

_____
JOHN W. DARRAH
United States District Judge

DATED: 4-25-12